UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GRACIELA DONCOUSE, on behalf of herself
and all others similarly situated,

                                        Plaintiff,

        -against-

MATTO MGMT NY LLC AND MATTO FRANCHISE
LLC,

                                        Defendants.
------------------------------------------------------X

**COMPLAINT**

*Civil Action No.*

1:19-cv-2801

        Plaintiff, GRACIELA DONCOUSE, (hereinafter the "Plaintiff"), on behalf of herself as well as all others similarly situated, by and through her counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues MATTO MGMT NY LLC, a domestic limited liability company and MATTO FRANCHISE LLC, a domestic limited liability company ("Defendants") for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

**INTRODUCTION**

1. This is an action seeking to redress violations of state and federal law at no less than six (6) store locations owned and operated by Defendants in this District.

2. As set forth more fully below, Plaintiff, as well as a class consisting of thousands (or tens of thousands) of similarly situated disabled individuals, are functionally excluded from some or all of the goods, services, and amenities offered to the general public at each of the Defendants' store locations in this District.

3. By this litigation, Plaintiff, on behalf of herself and the class defined more fully below, seek to cease defendants pattern and practice of its continuous discrimination by establishing, operating, and maintaining inaccessible commercial premises by bringing all of Defendants' locations in this District into compliance with applicable state and federal law, and to recover applicable damages owed to each member of the class, in accordance with New York law.

## JURISDICTION AND PARTIES

4. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

5. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(1) and (2) Defendants conduct and continue to conduct a substantial and significant amount of business in this District, Defendants are subject to personal jurisdiction in this District, and all of the conduct complained of herein occurred in this District and both of the store locations are in this District.

## PARTIES

6. Plaintiff, Graciela Doncouse, at all relevant times, was a resident of New York City and has attempted to gain entry to at least one of the Defendants' Locations.

7. Graciela Doncouse has at all material times suffered from a "qualified disability" under the ADA, because she is a paraplegic and uses a wheelchair for mobility.

8. Defendant, MATTO MGMT NY LLC, is a New York Limited Liability Company authorized to conduct and conduction business within the State of New York, and is the

owner, manager, and operator, leasee of buildings and stores, including, without limitation the following locations: (a) 16 W 17th Street, New York, NY 10011; (b) 153 W 27th Street, New York, NY 10001; (c) 188 7th Avenue, New York, NY 10011; (d) 293 Mercer Street, New York, NY 10003; (e) 530 Columbus Avenue, New York, NY 10024; (f) 844 2nd Avenue, New York, NY 10017 (collectively referred to hereinafter as the "Matto Locations").

9. Defendant, MATTO FRANCHISE LLC, is a New York Limited Liability Company authorized to conduct and conduction business within the State of New York, and is the owner, manager, and operator, leasee of buildings and stores, including the Matto Locations.

10. The Matto Locations are places of public accommodation as that term is defined by the ADA; specifically, the Matto Locations are owned, operated, managed, controlled and/or leased by Defendants as cafés.

## CLASS ALLEGATIONS

11. Plaintiff brings this class action on her own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

    All disabled individuals who, because of disability, have been
    Excluded form some or all of the amenities available to the general
    public at any of the Matto Locations.

12. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendants' corporations.

13. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

14. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil rights violations as a result of Defendants' continuing failure to comply with the ADA and ADAAG at all of the Matto Locations.

15. Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interest of the Class members in this case.

16. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as statutory damages under New York law.

17. Common questions of law and fact prevail with respect to all members of the Class, and predominate over questions applicably solely to individual Class members. Among such common questions of law and fact is whether Defendants have violated Federal and New York State statutory obligations by failing to comply with the ADA and ADAAG, so that all physically disabled persons are afforded fair and equal access to each of the Matto Locations.

18. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

19. The names and addresses of disabled individuals who are being excluded from full and equal access to the Matto Locations is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in this class action litigation, and can additionally be advertised in the New York

City area by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

21. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

    No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

22. Defendant's physical locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

23. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

24. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

25. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

    [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to

take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, services, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

26. The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

27. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the Matto Locations, in violation of these Accessibility Standards.

28. Defendants have failed to provide and/or institute a policy at all locations regarding the ADA and compliance therewith, which resulted in the pattern and practice of ADA violations at all locations.

29. The Matto Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

    a. **16 W 17th Street, New York, NY 10011**
        i. Required accessible check-out/service counter not provided in violation of ADAAG 904.
        ii. Required directional and information signage not provided in violation of ADAAG 216.

    iii.    Inaccessible self service and counters shelves in violation of ADAAG 904.4.

    iv.    There is not at least five percent of fixed seating dining surfaces provided for consumption of food or drink in violation of ADAAG 902.3.

    v.    Failure to provide an accessible restroom.

**b. 153 W 27th Street, New York, NY 10001**

    i.    Inaccessible main entrance due to the step in violation of ADAAG 303.4.

    ii.    Required accessible check-out/service counter not provided in violation of ADAAG 904.

    iii.    Required directional and information signage not provided in violation of ADAAG 216.

    iv.    Inaccessible self service shelves and counters in violation of ADAAG 904.4.

**c. 188 7th Avenue, New York, NY 10011**

    i.    Required accessible check-out/service counter not provided in violation of ADAAG 904.

    ii.    Required directional and information signage not provided in violation of ADAAG 216.

    iii.    Inaccessible self-service shelves and counters in violation of ADAAG 904.4.

    iv.    There is not at least five percent of fixed seating dining surfaces provided for consumption of food or drink in violation of ADAAG 902.3.

    v.    Grab bars not provided in restroom in violation of ADAAG 604.4.

    vi.    Sink lacks knee and toe clearance in violation of ADAAG 306.

    vii.    The mirror in the bathroom exceeds the maximum height permitted by ADAAG 603.3.

    viii.    The hand dryer is mounted too high in violation of ADAAG 308.

    ix.    There is inadequate turning space in the restroom in violation of ADAAG 603.2.1.

    x.    Pipes in the restroom are not insulated in violation of ADAAG 606.5.

d. **293 Mercer Street, New York, NY 10003**

    i.    Required accessible check-out/service counter not provided in violation of ADAAG 904.

    ii.    Required directional and information signage not provided in violation of ADAAG 216.

    iii.    Inaccessible self service and counters shelves in violation of ADAAG 904.4.

e. **530 Columbus Avenue, New York, NY 10024**

    i.    Inaccessible main entrance due to the step in violation of ADAAG 303.4.

    ii.    Required accessible check-out/service counter not provided in violation of ADAAG 904.

      iii.    Required directional and information signage not provided in violation of ADAAG 216.

      iv.    Inaccessible self service shelves and counters in violation of ADAAG 904.4.

f.  **844 2nd Avenue, New York, NY 10017**

      i.    Inaccessible main entrance due to the step in violation of ADAAG 303.4.

      ii.    Required accessible check-out/service counter not provided in violation of ADAAG 904.

      iii.    Required directional and information signage not provided in violation of ADAAG 216.

      **iv.**    Inaccessible self service shelves and counters in violation of ADAAG 904.4.

g.  **359 East 68th Street, New York, NY 10065**

      i.    Required accessible check-out/service counter not provided in violation of ADAAG 904.

      ii.    Required directional and information signage not provided in violation of ADAAG 216.

      iii.    Inaccessible self service shelves and counters in violation of ADAAG 904.4.

h.  **8 West 46th, New York, NY 10036**

      i.    Required accessible check-out/service counter not provided in violation of ADAAG 904.

    ii. Required directional and information signage not provided in violation of ADAAG 216.

    iii. Inaccessible self service shelves and counters in violation of ADAAG 904.4.

    iv. There is not at least five percent of fixed seating dining surfaces provided for consumption of food or drink in violation of ADAAG 902.3.

    v. Grab bars not provided in restroom in violation of ADAAG 604.4.

    vi. Sink lacks knee and toe clearance in violation of ADAAG 306.

    vii. The mirror in the bathroom exceeds the maximum height permitted by ADAAG 603.3.

    viii. The hand dryer is mounted too high in violation of ADAAG 308.

    ix. There is inadequate turning space in the restroom in violation of ADAAG 603.2.1.

    x. Pipes in the restroom are not insulated in violation of ADAAG 606.5.

**i. 3495 Broadway, New York, NY 10031**

    i. Required accessible check-out/service counter not provided in violation of ADAAG 904.

    ii. Required directional and information signage not provided in violation of ADAAG 216.

    iii. Inaccessible self service shelves and counters in violation of ADAAG 904.4.

       iv.    Failure to provide the required at least five percent of fixed seating dining surfaces.

30. This is not intended as a complete list of ADA and ADAAG violations at the Matto Locations. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspections made of each location pursuant to Fed. R. Civ. 34.

31. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, without justification.

32. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

33. Plaintiff and the Class intend to visit the Matto Locations in the future (upon Defendants' compliance with an Order of this Court requiring Defendants to remedy the ADA violations at issue) in order to utilize all of the goods, services facilities, privileges, advantages and/or accommodations offered at the Matto Locations; however, in light of their disabilities, unless and until the Matto Locations are brought into full compliance with the ADA and its implementing regulations, Plaintiff and the Class will remain unable to fully, properly, and safely access the Matto Locations and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

34. Pursuant to ADA, 42 U.S.C. §1201 et. Seq. and the Accessibility Standards, the Defendants were required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

35. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Subject Facilities until the requisite modifications are completed.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "35" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

37. The New York City Human Rights Law provides:

    a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…
NYC Admin. Code §8-107(4)(a).

38. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "38" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

40. The New York State Human Rights Law provides:

   a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

   NYS Exec. Law §296 (2)(a).

41. Defendants' Premises is a place of public accommodation as defined in the New York State Human Right Law.

42. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

43. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

## PRAYER FOR RELIEF

44. The Plaintiff and Class demand compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c).

45. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to cease the pattern and practice of discrimination by altering the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

46. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, the Plaintiff, for the Class, hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

a. Certifying this action as a Class Action;

b. Naming the Plaintiff as the representative Named Class Plaintiff on behalf of all absent Class members;

c. Appointing The Marks Law Firm, PC as Class Counsel for all purposes in this action;

d. Granting the Plaintiff and all Class members all injunctive, monetary and other relief available under applicable law, including but not limited to:

      i. The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

      ii. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

      iii. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Premises;

      iv. The Court enter an order requiring the closure of each of the Matto Locations until such time as the location has been brought into full compliance with the ADA and ADAAG;

      v. An award to each member of the Class equal to the maximum amount permitted by the NYSHRL and/or NYCHRL

e. Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity.

      f. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
       March 28, 2019

                        THE MARKS LAW FIRM, PC

                        By: /s/ Bradly G. Marks
                        BRADLY G. MARKS
                        175 Varick Street, 3rd Fl
                        New York, NY 10014
                        T:(646) 770-3775
                        F: (646) 770- 2639
                        brad@markslawpc.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

GRACIELA DONCOUSE, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

MATTO MGMT NY LLC AND MATTO FRANCHISE LLC,

Defendants,

**SUMMONS AND COMPLAINT**

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
175 Varick Street, 3rd FL
New York, NY 10014