```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GRACIELA DONCOUSE,

                                **Plaintiff,**                                  **19-CV-2801 (AT)(SN)**

           -against-                                            **ORDER**

MATTO MGMT NY LLC, et al.,

                                **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

    Plaintiff filed this putative class action, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), on March 28, 2019, alleging defendants own and operate nine locations in New York City in violation of Title III of the ADA. The parties have had approximately one year to complete discovery, which was set to close on June 16, 2020.

    By letters dated February 24, 2020, and May 11, 2020, Plaintiff moved to compel Defendants to supplement their responses to Plaintiff's Interrogatories and Document Requests. See ECF Nos. 38, 53. On May 19, 2020, the Court held a telephonic discovery conference and ordered Defendants to respond in writing to Plaintiff's discovery requests pertaining to two of the locations listed in the complaint by Tuesday, May 27, 2020. At that time, the Court reserved ruling on Defendants' obligations regarding discovery requests concerning the remaining locations listed in the complaint, which Plaintiff admitted she has not visited. The Court intended to issue the following ruling as to the remaining locations within the week following the conference. The Court recently became aware that a ruling, however, was never issued.

Accordingly, the Court issues this ruling and the parties may file a joint letter by July 16, 2020, updating the Court as to the status of the discovery issues addressed herein.

Plaintiff contends that she is entitled to discovery concerning all locations alleged in the complaint to violate the ADA, regardless of whether she actually visited them, under the "futile gesture" doctrine, which provides that a plaintiff suffers an injury under the ADA if, among other things, she has "actual knowledge" of the "barrier complained of and has been deterred from visiting the public accommodation because of that barrier." Castillo v. John Gore Org., Inc., 19-cv-388 (ARR)(PK), 2019 WL 6033088 (E.D.N.Y. Nov. 14, 2019). Under this doctrine, it is not necessary that a plaintiff personally visit the premises to learn of an ADA violation, as long as the plaintiff "encounters" the violation. Dominguez v. Banana Republic, LLC, 19-cv-10171 (GHW), 2020 WL 1950496, at *3 (S.D.N.Y. Apr. 23, 2020) ("For the purposes of the standing inquiry here, it is sufficient that Plaintiff alleges to have called Banana Republic's customer service department in an effort to procure a Braille gift card. During that call, Plaintiff learned that the store does not stock Braille gift cards, directly encountering the alleged disability-based discrimination."). In addition to having actual knowledge about the alleged violation, it must also be reasonable to infer that the plaintiff intended to return to the subject location. Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013) (citing Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) (per curiam)). While there is no precise degree of likelihood of return that is necessary to show imminence, the Court of Appeals has looked to whether a plaintiff's past visits to a place of public accommodation and a plaintiff's proximity to the public accommodation made it reasonable to infer her intent to return. See Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2000).

The Complaint does not indicate how Plaintiff learned of the barriers of which she complains at each of the nine locations listed. During the May 19, 2020 Conference, Plaintiff represented that she personally visited only two of the locations: 16 W 17th Street, New York, NY 10011; and 153 W 27th Street, New York, NY 10001. Accordingly, I held that she is entitled to discovery regarding those locations. With regard to the remaining locations, Plaintiff generally asserts that she called the businesses operating at some of those locations and upon inquiring about various features of the premises, learned of ADA violations, such as inaccessible restrooms or inaccessible self-service shelves and checkout counters. For certain locations, she admits that she personally has not encountered any barriers.

At this stage of the proceedings, and given the minimal documents requested by Plaintiff, Plaintiff may seek documents related to any premises for which she personally encountered any barrier and which she intends to visit, even if she has not actually visited the location. Accordingly, Defendants shall produce written discovery responses for all locations at which Plaintiff has encountered a barrier and expressed an intent to visit in the future.

## CONCLUSION

For the reasons above, Plaintiff's request for discovery as to the remaining locations is GRANTED in part and DENIED in part. All discovery shall close July 30, 2020.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   July 2, 2020
         New York, New York